IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBORAH NICHOLS PLAINTIFF

v. Civil No. 05-2053

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration DEFENDANT

**MEMORANDUM OPINION**

**Factual and Procedural Background:**

The plaintiff, Deborah Nichols, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying her applications for disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*, and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively.

Plaintiff was 39 years of age at the time of the administrative hearing and has a twelfth grade education (T. 59, 274). She has past relevant work (hereinafter "PRW"), as: an equipment sanitation worker; a production line worker; an airline ramp service attendant; and, a line service attendant (T. 84-91, 272-276). Plaintiff alleges disability due to: chronic obstructive pulmonary disease (hereinafter "COPD"); headaches; tremors; degenerative joint disease; and, weakness/fatigue. She protectively filed her applications on September 11, 2002 (T. 58-62, 217-220).

The Social Security Administration denied plaintiff's application initially and on reconsideration. She then requested and received a hearing before an Administrative Law

Judge (hereinafter "ALJ"), which hearing was held on June 14, 2004 (T. 262-287). The ALJ rendered an unfavorable decision on August 2, 2004 (T. 15-25). After receiving and considering additional evidence (T. 231-259), by Order entered January 26, 2005, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 5-8), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. Although both parties were given an opportunity to do so, only the defendant filed an appeal brief herein (Doc. #8), and this matter is now ready for consideration. However, it should be noted that a significant portion of the additional evidence submitted to the Appeals Council is a 13 page document setting forth grounds for finding that the ALJ's decision is not supported by substantial evidence of record (T. 231-246).

**<u>Applicable Law</u>:**

The ALJ evaluated the plaintiff's claim according to the five-step sequential evaluation analysis prescribed by the social security regulations. See *20 C.F.R. §§ 404.1520(a)-(f);* see also *Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987)* (describing five-step analysis). At the first step, the ALJ found the plaintiff had not engaged in substantial gainful activity since her alleged onset date.[1] In the next two steps, the ALJ determined that plaintiff has an impairment considered "severe", in the form of COPD (T. 24), but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ("Listing of Impairments"). Neither are the plaintiff's impairments

[1] For purposes of DIB, plaintiff alleges an onset date of June 26, 2002 (T. 59). For purposes of SSI, as has been noted, plaintiff has a protective filing date of September 1, 2002. SSI benefits are not payable for a period prior to the application. *Cruse v. Bowen, 867 F.2d 1183, 1185 (8th Cir.1989).*



AO72A
(Rev. 8/82)

medically equivalent in severity to any listed impairment. The ALJ found that the plaintiff's subjective complaints, and the testimony of her lay witness, were not considered fully credible (T. 24, 22). The ALJ determined that plaintiff retains the residual functional capacity (hereinafter "RFC"):

> ...to lift and carry 20 pounds occasionally and 10 pounds frequently; can stand, walk and sit for six of eight hours; can occasionally climb ramps and stairs; must avoid climbing ropes, ladders, and scaffolds; can occasionally stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to pulmonary irritants.

(T. 24). Accordingly, the ALJ further found that the plaintiff retains the capacity to perform her PRW as a production line worker.

Finally, the ALJ concluded that she was not under a disability, as defined in the Act, at any time through the date of the decision (T. 24).

In a Work History Report completed by the plaintiff on October 7, 2002, she noted that the work required the ability to: use machines, tools or equipment; stand for eight (8) hours each day; crouch for two (2) hours each day; stoop for six (6) hours each day; and, lift up to 50 pounds, 20 pounds frequently (T. 86). At the administrative hearing, plaintiff described the job as follows:

> A plain case would come in and we'd have to prepare it. We had to put like jumper cables on it, put the – all the buttons and washers and everything on it to where – and you'd have a partner where he'd drop the battery in and put the – and we'd ship them out.
>
> * * *
>
> It's a hot environment. It's hot in the building or it's very cold in the building. And it consists of standing all day long on your feet and it's bothersome for me. It's using my arms.

(T. 275).



AO72A
(Rev. 8/82)

A vocational expert (hereinafter "VE"), was present at the hearing, and he opined that plaintiff's PRW as a production worker is classified as light and unskilled. Neither he nor the ALJ referred to *The Dictionary of Occupational Titles, (4th Ed. Rev.1991).* Nor did the ALJ indicate whether or not he found that plaintiff could perform her PRW as she had performed it in the past, or as it is generally performed in the economy.

**Applicable Law:**

Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. See *Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir.2000).* Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See *Craig v. Apfel, 212 F.3d 433, 436 (8th Cir.2000).* As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, see *id.*, or because we would have decided the case differently. See *Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir.1993).*

To establish entitlement to benefits, the plaintiff must show that she had been unable to engage in any substantial gainful activity by reason of a medically determinable impairment which had lasted or could have been expected to last for not less than 12 months. See *42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).*

Further, step four of the sequential analysis used in Social Security disability determinations requires the ALJ to review the plaintiff's residual functional capacity and the



AO72A
(Rev. 8/82)

physical and mental demands of the plaintiff's past work. *See 20 C.F.R. § 404.1520(e)*. "[T]he ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a plaintiff's past relevant work and to compare that with what the plaintiff herself is capable of doing before he determines that she is able to perform her past relevant work." *Nimick v. Secretary of Health & Human Servs., 887 F.2d 864, 866 (8th Cir.1989)* (emphasis in original). These findings require evidence of the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." *See id. n. 2* (quoting *S.S.R. No. 82-61, Soc.Sec.Rep. 836, 838*.

**Discussion:**

Overall, we conclude that the record does not contain substantial evidence to support the ALJ's decision that plaintiff is capable of performing her past relevant work as a cashier. The Commissioner has promulgated specific guidelines that the ALJ must follow when evaluating whether a plaintiff can return to her past work. *E.g., Social Security Ruling 82-62*; *see Groeper v. Sullivan, 932 F.2d 1234, 1238 (8th Cir.1991)*. The ALJ must obtain detailed information regarding the mental and physical demands of the past work and, for a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work. *SSR 82-62*.

The United States Court of Appeals for the Eighth Circuit has held that the ALJ must



AO72A
(Rev. 8/82)

specifically set forth the plaintiff's physical and mental limitations, along with the physical and mental requirements of the plaintiff's past relevant work. Only then can the ALJ adequately "compare the claimant's residual functional capacity with the demands of the past work to determine whether the claimant is capable of performing the relevant tasks." *Groeper v. Sullivan, 932 F.2d at 1239; Kirby v. Sullivan, 923 F.2d 1323, 1326-27 (8th Cir.1991)*. "An ALJ's decision that a claimant can return to his past work must be based on more than conclusory statements." *Groeper v. Sullivan, 932 F.2d at 1238*. The ALJ has failed to conduct the required analysis and comparison of plaintiff's residual functional capacity with the demands of her past relevant work. Specifically, in the body of his decision, the ALJ found:

> In making my residual functional capacity, I have reviewed all the medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairment and resulting limitations (20 CFR §§ 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-6p). The claimant's treating practitioner, Dr. Pingleton, reported claimant has mild to moderate wheezing and flow rates somewhat lower than average; however, he gives no medical source statement (Exhibit 5 F, p. 2). The medical consultants at State Agency Disability Determination Service found the claimant capable of light level work with postural and environmental limitations (Exhibit 9F, pp. 1-8). Great weight is given to this opinion, as it is s consistent with the claimant's level of daily activities and with the overall medical evidence.
>
> Having considered all of the evidence of record and viewing the evidence in a light most favorable to the claimant, I find the claimant retains the following residual functional capacity; to lift and carry 20 pounds occasionally and 10 pounds frequently; can stand, walk and sit for sic of eight hours; can occasionally climb ramps and stairs; must avoid climbing ropes, ladders, and scaffolds, can occasionally stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to pulmonary irritants.

(T. 22). However, the ALJ's decision is barren of any analysis/comparison as contemplated by the regulations.



AO72A
(Rev. 8/82)

Thus, the ALJ has failed to adequately compare the plaintiff's residual functional capacity with the demands of her past work. "A conclusory determination that the claimant can perform past work," without such findings, "does not constitute substantial evidence that the claimant is able to return to his past work." *Groeper, 932 F.2d at 1239.*

The ALJ's decision must be reversed on this basis.

Further, the ALJ's hypothetical question to the VE does not match the plaintiff's description her past work, in many ways. She testified that she was required to stoop and crouch, stand all day, and lift 50 pounds. Yet, the decision is without explanation as to this discrepancy.

Finally, the ALJ did not have the benefit of the additional evidence submitted to the Appeals Council, which not only includes detailed argument with respect to several of the ALJ's determinations in the decision, but also appends 12 letters from lay witnesses supporting the plaintiff's subjective allegations and nonexertional limitations. While some of these letters are from family members, many are authored by friends and former co-workers.

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992)*. At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994)*.



AO72A
(Rev. 8/82)

However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater, 107 F.3d 617, 622 (8th Cir.1997).*

Because this matter is being remanded for the purpose of conducting a proper step four analysis, as set forth in the regulations, we encourage the parties to consider all evidence now a part of this administrative record.

**Conclusion:**

Accordingly, the ALJ’s decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for proper comparison of the actual, specific physical and mental demands of the plaintiff’s past relevant work with an accurate and detailed assessment of her residual functional capacities, in those areas. In addition, the parties are to consider all evidence which is now of record, particularly with respect to the ALJ’s credibility assessment.

ENTERED this 10th day of May, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE



AO72A
(Rev. 8/82)